## No. 48
### HUFFER v. PRINDLE

Ohio Appeals, 4th Dist., Pickaway Co.

Decided Jan. 8, 1926

**677. JUDGMENT**—Where mere irregularities occur in procurement of a judgment, it is not void and is not subject to a collateral attack, and relief may be had against such irregularities that are voidable only by a proceeding in error.

**923. PLEADING**—Finding that service upon monor defendants in former partition proceedings were legal cannot be impeached by recital in petition, which may or may not have been true.

MAUCK, P. J.

Charles Huffer and others brought suit in the Pickaway Common Pleas against Sarah E. Prindle seeking in three causes of action to eject her from certain lands, to recover rents and profits because of her unlawful possession of same, and a partition of the land among the several planitiffs. Before trial of the case Sarah Prindle died, and Ollie Prindle the sole legatee, was made a party defendant. Ollie Prindle filed her answer and cross-petition, denying all the allegations of the petition, and seeking by cross-petition to quiet title to the premises.

She pleads in her cross petition that Huffer et. were devisees under the will of Reason Huffer, deceased, of a remainder estate in the lands in question, and that on July 14, 1900, part of the plaintiffs became owners of the precedent life estate in said lands; that hereafter, on Nov. 12, 1900, in a partition proceeding then pending in the Pickaway Common Pleas, to which all of the plaintiffs in this case were parties, the said real estate was sold to the predecessor in title of Prindle.

By reply Huffer denied that Prindle was the owner of the real estate and answering the cross petition by pleading that the partition suit mentioned was premature, in that there was no vested estate in remainder in any of the parties at the time the suit was filed; that all matters in the suit were of no force and effect, and that no service was ever had on the minor defendants in the partition suit. The Pickaway Common Pleas held for Prindle and upon appeal the following arguments were presented by Huffer et.

1. That the lands in question were devised to Isaac Huffer "to have and hold same during his natural life" and as the heirs of Isaac Huffer were not determinable till his death, a partition suit predicated on the theory that Isaac's children had a vested remainder during his life, was wholly ineffective.

2. That if the lands were subject to partition, sufficient service was not had on the minor defendants, and the decree as to them would not divest them of their title.

3. That the partition suit was fraudulently devised by Isaac Huffer to defraud his children, but as the pleadings do not make a case of fraud, a court would not be justified in disturbing a judgment on that ground.

The Court of Appeals held:

1. As to whether the decree was void, the pending case being a collateral attack, mere irregularities in its procurement do not render the judgment void and same can be relieved only by proceeding in error. 108 OS. 126.

2. The court of Common Pleas is a court of general jurisdiction, and when it was found that the service on these minor children was legal, it was making a finding within its jurisdiction.

3. Such finding is conclusive unless it has on its face conclusive evidence of its own error, or is successfully impeached for fraud. 91 OS. 279.

4. Neither the return of the sheriff nor the finding of the court shows that the minor children were not properly served; and it cannot be said that averments in a petition controvert this fact as the same in most cases vary from the findings of the court and are untrue in fact and insufficient as against the finding of the court.

5. The argument that while the will of Reason Huffer was construed in the partition proceedings, the decree construing it in the early case ought not to be recognized because that case was not correctly decided.

6. A statement of this proposition carries with it, its own refutation.

Decree for defendant, quieting title as prayed for.

(Sayre & Middleton, JJ., concur.)

**Attorneys**—Barton Walters for Huffer et; Charles Gerhardt & Irwin Snyder for Prindle; all of Circleville.